UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
MEAGHAN S. WATKINS                )      CIVIL ACTION NO.
     Plaintiff                          )
                         )
v.                                                  )
                         )
ROAD READY USED CARS, INC.        )
     Defendant                        )
_____)      JUNE 26, 2017

**COMPLAINT**

## I.  INTRODUCTION

1.    This is an action brought by a consumer against an automobile dealership for violation of the Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.,* the Connecticut Retail Installment Sales Finance Act ("RISFA"), Conn. Gen. Stat. §§ 36a-770 *et seq.,* and the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §§ 42-110a *et seq*.

## II.  PARTIES

2.    Plaintiff, Meaghan S. Watkins, is a consumer residing in West Haven, Connecticut.

3.    Defendant, Road Ready Used Cars, Inc. ("Road Ready"), is a Connecticut corporation and is licensed to operate an automobile dealership at a location in Ansonia, Connecticut.

## III.   JURISDICTION

4.    This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1640 and Fed. R. Civ. P. 18(a).

5.     This Court has jurisdiction over Road Ready because it is located in Connecticut and is organized under Connecticut law.

6.     Venue in this Court is proper because all of the parties are located in this state.

## IV.    FACTUAL ALLEGATIONS

7.     Prior to and subsequent to June 17, 2017, Road Ready advertised a 2008 Mazda 6 (the "Vehicle") for a cash price of $4,990.

8.     Plaintiff visited Road Ready on or about that date.

9.     Plaintiff was informed that she could be qualified to finance the purchase of the Vehicle.

10.    Plaintiff test-drove the Vehicle and was concerned that the brakes did not appear to be functioning properly.

11.    Road Ready informed Plaintiff that it would conduct a thorough safety inspection on the Vehicle before delivering it to her.

12.    Plaintiff did not want to purchase this Vehicle, because it was older and had high mileage, but she been having difficulty obtaining financing approval and needed to purchase a vehicle for her personal, family, and household use.

13.    Road Ready told Plaintiff that if she purchased this Vehicle and made payments for six months, then her credit situation would improve and she would be able to trade the Vehicle in for any other vehicle in Road Ready's inventory.

14.    Plaintiff was persuaded by Road Ready's claim, and decided to purchase the Vehicle for purposes of establishing credit so that she could purchase another vehicle in approximately six months.

2

15.   Plaintiff agreed to purchase the Vehicle, and she applied a $1,500 deposit that she had previously put on another vehicle for which her credit application had been rejected unless she was able to pay a significantly larger down payment than she could afford.

16.   Road Ready prepared a purchase order for the Vehicle that listed a cash price of $6,290.

17.   The purchase order stated that the cash price included a "bank fee" of $2,195.

18.   Plaintiff returned on approximately June 20, 2017, and she signed additional contract documents, including a new purchase order and a retail installment sales contract.

19.   These contract documents provided that Plaintiff would pay an additional $1,500 towards a total down payment of $3,000, and Road Ready and Plaintiff agreed that she would pay the remaining $1,500 when she took delivery of the Vehicle.

20.   Road Ready did not provide Plaintiff with copies of the documents that she signed on June 20, 2017 but instead informed her that she would receive the documents at the time of delivery of the Vehicle.

21.   Plaintiff wanted to take delivery of the Vehicle by June 22, because that is the date by which she had to return a rental vehicle that she had been driving, and Road Ready had agreed to perform the necessary safety inspection and to make any necessary repairs by that time.

22.   Plaintiff called Road Ready on approximately June 21 and asked if the Vehicle would be ready by June 22.

23.   The salesman involved in the transaction, whose name was Ryan, told Plaintiff at that time that there was an issue with the approval of the financing for the Vehicle and that she would be receiving a call from Westlake Financial Services ("Westlake"), the company to whom Road Ready intended to assign the retail installment sales contract.

24.   Ryan told Plaintiff that she had to lie and tell Westlake that she had paid the entire $3,000 down payment and that she had taken possession of the Vehicle.

25.   Plaintiff was not comfortable lying to Westlake, and she informed Westlake that the Vehicle had not been delivered to her and that she had paid only $1,500.

26.   Plaintiff subsequently informed Road Ready that she did not want to proceed with the transaction and demanded that Road Ready return her $1,500 deposit.

27.   Road Ready refused to return the deposit.

## V.   CAUSES OF ACTION

### A.  TRUTH IN LENDING ACT

28.   Road Ready is a "Creditor" within the meaning of the Truth in Lending Act.

29.   Road Ready regularly extends consumer credit in the sale of motor vehicles within the meaning of Regulation Z, 12 C.F.R. § 226.2(a)(17).

30.   Road Ready failed to provide Plaintiff with the information required to be disclosed under 15 U.S.C. § 1638 of the Truth in Lending Act.

31.   Road Ready also violated TILA by failing to provide Plaintiff with a copy of the Contract, which contained the required truth in lending disclosures, on the date the documents were signed in a form she could keep.

32.   Road Ready further violated TILA, because the $2,195 "bank fee" that was included in the price of the Vehicle was a "finance charge" within the meaning of TILA. On information and belief, this fee was charged by Road Ready because Westlake is a subprime finance company that engages in "discount financing" whereby it does not pay car dealerships the full amount financed in assigned retail installment sales contracts. Consequently, this charge, which was included as part of the cash price of the Vehicle, was imposed as a condition of financing and would not have been charged in a comparable cash transaction.

33.   Road Ready is liable to Plaintiff for statutory damages of double the finance charge, but no less than $200 and no more than $2,000, plus attorney's fees and costs.

## B. RETAIL INSTALLMENT SALES FINANCE ACT

34.   Road Ready violated RISFA, Conn. Gen. Stat. § 36a-771(a) by failing to provide Plaintiff with a true and complete executed copy of the retail installment contract at the time Plaintiff signed the contract.

35.   Through its violations of TILA, as pled above, Road Ready further violated RISFA, which incorporates the requirements of TILA by operation of Conn. Gen. Stat. § 36a-771(b).

36.   Road Ready further violated RISFA  because, when the "bank fee" is properly treated as a finance charge, the rate of interest charged to Plaintiff under the retail installment contract was substantially greater than the 19% maximum permissible interest rate under Conn. Gen. Stat. § 36a-772.

37.   The Vehicle never left Road Ready's possession, and it is therefore restored to its condition prior to the contract, as nearly as possible.

38.    Plaintiff is entitled to a rescission of the contract due to the violations of RISFA.

### C. CONNECTICUT UNFAIR TRADE PRACTICES ACT

39.  Road Ready has violated CUTPA as follows:

a.    The violations of TILA and RISFA as aforedescribed.

b.    The sale of the Vehicle for more than the advertised price, a *per se* violation of CUTPA pursuant to Conn. Agency Reg. § 42-110b-28(b)(1), which prohibits dealerships from failing to sell vehicles for the advertised price.

c.    The false representation that Plaintiff would be able to trade-in the Vehicle after making payments for six months.

d.    Selling a vehicle prior to the time that it had conducted the inspection required by Conn. Gen. Stat. § 14-62(g).

e.    Failing to provide Plaintiff with a copy of the CT DMV K-208 form.

f.    Failing to provide Plaintiff with copies of the contract documents at the time that she signed them.

g.    Telling Plaintiff to commit credit application fraud by lying to Westgate as a condition of financing the purchase.

40.  Plaintiff has suffered ascertainable losses of money or property in that she lost her $1,500 deposit and she has been forced to rent a vehicle for a longer period of time due to her lack of funds to pay a down payment elsewhere.

41.  The defendant is liable to the Plaintiff for her actual damages plus punitive damages and a reasonable attorney's fee and costs.

Wherefore, Plaintiff claims actual damages, statutory damages damages of double the finance charge, but no less than $200 and no more than $2,000; punitive damages, and attorney's fees and costs; an order rescinding the contract, and a return of the down payment and amounts paid under the contract.

PLAINTIFF, MEAGHAN WATKINS

By: /s/ *Daniel S. Blinn*
    Daniel S. Blinn (ct02188)
    dblinn@consumerlawgroup.com
    Consumer Law Group, LLC
    35 Cold Spring Rd. Suite 512
    Rocky Hill, CT  06067
    Tel. (860) 571-0408
    Fax (860) 571-7457